IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN LUIS SANDOVAL-CASTRO, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-65 |
| | § | Criminal No. B:15-833-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 20, 2017, Petitioner Juan Luis Sandoval-Castro filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied in part and dismissed in part, as discussed further below.

**I. Procedural and Factual Background**

On September 22, 2015, a federal grand jury – sitting in Brownsville, Texas, – indicted Sandoval-Castro and two co-defendants for: (1) conspiracy to possess with intent to distribute more than 100 kilograms of marihuana; and (2) possession with intent to distribute more than 100 kilograms of marihuana, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B) and 846. U.S. v. Sandoval-Castro, Criminal No. 1:15-833-1, Dkt. No. 23 (hereinafter "CR").

On January 5, 2016, Sandoval-Castro appeared before the District Judge and entered a guilty plea – without a written plea agreement – to possession with intent to distribute more than 100 kilograms of marihuana. CR Dkt. No. 47.

    **A. Sentencing**

In the final presentence report ("PSR"), Sandoval-Castro was assessed a base offense level of 24, based on a finding that he was "accountable for 194.8 kilograms of marihuana."

CR Dkt. No. 59, pp. 6-7. He was given a three-level reduction for acceptance of responsibility. Id. Thus, Sandoval-Castro was assessed a total offense level of 21. Id.

Regarding his criminal history, Sandoval-Castro had four adult criminal convictions and was assessed 11 criminal history points. CR Dkt. No. 59, pp. 7-11. He was assessed an additional two points because he was on supervised release from a 2012 conviction for unlawful reentry at the time that he committed the instant offense. This resulted in 13 total criminal history points and a criminal history category of VI. Id. A base offense level of 21 and criminal history category of VI, produced a sentencing guideline imprisonment range of 77 to 96 months.

On June 17, 2016, the Government filed a motion for a downward departure of up to one-third at sentencing, based on substantial assistance. CR Dkt. No. 78.

On November 16, 2016, the District Court granted the Government's motion and sentenced Sandoval-Castro to 51 months of incarceration, four years of supervised release, and a $100 special assessment, the last of which was ordered remitted. CR Dkt. No. 84.

On that same day, Sandoval-Castro's supervised release was revoked in the case stemming from his 2012 illegal reentry conviction. U.S. v. Sandoval-Castro, Criminal No. 1:12-50-1, Dkt. No. 37 (hereafter "Case 50"). Sandoval-Castro was sentenced to 24 months of incarceration; nine of those months would run concurrent with the sentence in the instant case and the remaining 15 months would run consecutively. Id.

The judgment – for both the instant conviction and the supervised release revocation – was entered on December 8, 2016. CR Dkt. No. 84; Case 50, Dkt. No. 37.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Sandoval-Castro's deadline for filing a notice of appeal passed on December 22, 2016.

**B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On March 20, 2017, Sandoval-Castro timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Sandoval-Castro raises several claims, which the Court restates as follows: (1) as a deportable alien, he should not have been sentenced to a new term of supervised release in this case and his lawyer was ineffective for failing to object to the imposition of one; and (2) the Bureau of Prisons has incorrectly interpreted the Court's order imposing sentence in Case 50.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

## II. Applicable Law

### A. Section 2255

Sandoval-Castro seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "Failure to prove either prong will defeat an ineffective assistance claim." Leal v. Dretke, 428 F.3d 543, 548 (5th Cir. 2005).

A defendant is "entitled to effective assistance of counsel at all stages of his criminal trial, including the sentencing phase." Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997). A defendant may show prejudice at sentencing if counsel's ineffective assistance resulted in any additional incarceration. Glover v. U.S., 531 U.S. 198, 203 (2001) (noting that "any amount of jail time has Sixth Amendment significance.").

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Sandoval-Castro's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful

consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

Sandoval-Castro has raised two claims: one relating to the imposition of a term of supervised release, when he completes the confinement in the drug case, Cr. No. B:15-833-1; and the other claim relating to the revocation of his supervised release term, in Case 50. For the reasons discussed below, the first claim is meritless and the Court lacks jurisdiction over the second claim.

**A. Imposition of Supervised Release**

Sandoval-Castro argues that supervised release should not have been imposed in the instant case, because he is a deportable alien. This claim is meritless.

The Sentencing Guidelines state that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c) (emphasis added).

Sandoval-Castro was convicted of violating 21 U.S.C. § 841(a). As relevant to this case, that statute mandates that any sentence "shall . . . include a term of supervised release of at least 4 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(B). Thus, the statute explicitly requires the imposition of supervised release.

As such, section 5D1.1 of the Guidelines is not applicable to drug convictions under § 841, because the statute of conviction mandates a term of supervised release. See U.S. v. Pineda-Pineda, 534 F. App'x 272, 276 (5th Cir. 2013) ("Further, Guideline § 5D1.1(c) is not applicable to the term of supervised release imposed for [defendant's] conspiracy conviction because the court was required by statute to impose a three-year term of supervised release.").

Because a term of supervised release was mandated by statute, counsel was not ineffective for failing to object to its inclusion as part of Sandoval-Castro's sentence. See

Koch v. Puckett, 907 F.2d 524, 527 (5th Cir.1990) ("counsel is not required to make futile motions or objections."). This claim is meritless and should be denied.

### B. Calculating Sentence

Sandoval-Castro claims that the Bureau of Prisons improperly calculated his sentence. The Court lacks jurisdiction to consider this claim.

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A claim that the prison authorities have miscalculated the sentence is properly filed as a § 2241 claim. Id. Such claims "must be filed in the same district where the prisoner is incarcerated." Id.

Sandoval-Castro is incarcerated in Atwater, California. Dkt. No. 1, p. 4. Thus, Sandoval-Castro's claim must be filed in the United States District Court for the Eastern District of California.[1] This claim should be dismissed without prejudice to refiling in the appropriate district court. Brito v. U.S., 419 F. App'x 435, 436 (5th Cir. 2011).[2]

## IV. Recommendation

It is recommended that the Petitioner Juan Luis Sandoval-Castro's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as meritless, as it relates to his claim regarding the imposition of supervised release in Criminal Cause 1:15CR00833-003.

It is further recommended that Sandoval-Castro's petition be dismissed without

---

[1] The Court notes that if jurisdiction were present, it would recommend denial of Sandoval-Castro's claim. Sandoval-Castro's argument is that the Court ordered the 24 month sentence in Case 50 – the revocation of supervised release – to run completely concurrently to the 51 month sentence in the instant case. Dkt. No. 1, p. 3. The record clearly establishes that the District Judge ordered in Case 50 that "the term of imprisonment imposed by this judgment shall run 9 months concurrently with and 15 months consecutively to the defendant's term of imprisonment in Criminal Cause 1:15CR00833-003, Southern District of Texas." Case 50, Dkt. No. 37. Thus, the Bureau of Prisons' calculation of the sentence is consistent with the judgment entered by the Court.

[2] The Court notes that the AEDPA one-year statute of limitations does not apply to § 2241 petitions. Na'im v. Texas Bd. of Pardons & Paroles, No. 3:12-CV-2827-D, 2013 WL 2367788, at *1 (N.D. Tex. May 30, 2013).

prejudice for lack of jurisdiction as it relates to Criminal Case 1:12CR00050-001.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Sandoval-Castro's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Sandoval-Castro's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985);

Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on April 27, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge